## STATE v. JOSEPH B. WILSON.

A sign-board put up in a bar-room, as such, with the words "Boarding by J. B. Wilson," the defendant, painted thereon, is presumptive proof, unexplained, that the defendant is the keeper of the bar-room, on an indictment against him for keeping the same.

INDICTMENT charging that the defendant, at Providence, on the 17th day of March, 1857, and on divers days and times between that day and the day of finding the indictment, kept and maintained a certain common nuisance, to wit, a grogshop, tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors.

At the trial of the case before Mr. Justice Shearman, at the December term, 1857, of the court of common pleas for the county of Providence, evidence was submitted to the jury in behalf of the state, that in one room of a building in Providence, in part occupied by the defendant, there was a bar, with the usual implements for the sale of intoxicating liquors; and that in the same room there was a sign-board, with the following words painted thereon, "Boarding by J. B. Wilson." In summing up to the jury, the judge instructed them, that the sign was in itself *primâ facie* evidence, if unexplained, that the defendant was keeper of the bar-room. The defendant excepted to this instruction, and now brought his exception to this court for their decision thereon.

*W. W. Updike* and *Blake*, cited *Commonwealth* v. *Elwell*, 1

Gray, 463; *Commonwealth* v. *Madden*, Ib. 486; *Commonwealth* v. *Harvey*, Ib. 487.

*J. B. Kimball*, attorney-general:—

The charge of the court was correct.

1st. There was no direction on the sign to any other place kept by the defendant, than that of which the room in question was a part.

2d. The meaning of the sign is, " Boarding " here " by J. B. Wilson." .

3d. If liquor was sold or kept for sale on any part of the premises occupied by the defendant for a boarding-house, the presumption is, that it was done by his authority and in his behalf.

AMES, C. J. Fairly construing the statement of the proof in the bill of exceptions, we understand from it, that the defendant, having been proved to be an occupant of a portion of a building in which a bar-room was kept, it was also proved, that a sign-board was placed, as such, in that bar-room, with " Boarding by J. B. Wilson," the defendant, painted thereon. We agree with the judge who tried this cause below, that this was *primâ facie*, that is, presumptive proof, unexplained, that the defendant kept or occupied the bar-room; since, in the ordinary course of things, men do not place signs, intended to signify where *their* business is done, in places where the business of other men is done. This is a very different case from that of *Commonwealth* v. *Madden*, 1 Gray, 486, cited for the defendant. In that case the tavern sign was not relied upon by the commonwealth to prove that the defendant kept the tavern, which it was lawful for him to keep, but to show that he was a common seller of intoxicating liquors, which, as the court properly held, it had no tendency to prove. This could not have been held, if the purpose had been to prove that the defendant kept the tavern, whether that occupation had been lawful or unlawful.

The exception of the defendant is therefore overruled, and sentence must be passed upon him, by the court of common pleas of the county of Providence, in accordance with the verdict.